**CORL LAW PRACTICE, P.L.L.C.**
Robert Corl, Esq.
Attorney for Plaintiff
275 N. Conejo Road
Maricopa, Arizona 85139
Robert.CorlLawPractice@gmail.com
(480)417-2133
AZ Bar No. 031371

## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF ARIZONA

| | |
|---|---|
| **Emma Graham,** | No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **United Services Automobile Association** | *Jury Trial Demanded* |
| Defendant. | |

Plaintiff, Emma Graham ("Ms. Graham"), for her Complaint against Defendant, United Services Automobile Association ("USAA"), hereby alleges as follows:

### PARTIES

1. Ms. Graham, at all times relevant hereto, was a resident of the County of Maricopa, State of Arizona.

2. United Services Automobile Association ("USAA") is a corporation organized and existing under the laws of the State of Arizona and is registered to conduct business in and is currently doing business in the State of Arizona.

3. During all relevant times, USAA was Ms. Graham's employer within the meaning of

1

all applicable statutes.

**JURISDICTION AND VENUE**

4. This Court has original subject matter jurisdiction over Title VII claims pursuant to 28 U.S.C. §§1331 and 1343, 42 U.S.C. §2000e-5(f)(3), because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights and unlawful termination .

5. Venue is proper in this judicial district under 28 U.S.C. §1391(b)-(c) and 42 U.S.C. § 2000e-5(f)(3) because USAA maintains offices in this District, conducts business in this district, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District, and because the alleged unlawful employment practices were committed here, and employment records relevant to those practices are maintained and administered here.

6. The District of Arizona has personal jurisdiction over USAA because it maintains offices in this District, does business in Arizona and in this District, and because many of the acts complained of and giving rise to the claims alleged herein occurred in Arizona and in this District.

7. Ms. Graham has exhausted her administrative remedies and complied with all statutory prerequisites to her Title VII claims.  Ms. Graham filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on June 28, 2019.  By notice dated August 19, 2020, the EEOC issued a Notice of Right to sue for Ms. Graham's Title VII claims.  The Complaint was timely Filed within 90 days of receipt of the Notice of Right to Sue.

# FACTUAL ALLEGATIONS

8. Plaintiff Emma Graham is a Polish female, a citizen of the United States and a resident of the State of Arizona.

9. Plaintiff was employed with the USAA for approximately 13 years until she was terminated effective July 1, 2020.

10. On June 28, 2019, a Charge of Discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") alleging National Origin discrimination. On August 19, 2020, a Notice of Right to Sue letter was issued by the EEOC, a copy of which is attached hereto as Exhibit "A".

11. Shortly after taking her position with Defendant, Ms. Graham began to experience racial discrimination in the workplace. Because of her national origin, Ms. Graham was treated differently. She was subject to excessive "coaching", public humiliation, and reprimands which her peers were not.

12. As a result of the stress from the harassment and discrimination caused by this hostile work environment, Ms. Graham began to experience anxiety and depression.

13. During her last year with the USAA, Defendants engaged in a pattern of behavior determined to lead to the removal of Ms. Graham because of her national origin and in retaliation for her filing a Complaint with the EEOC.

14. Ms. Graham made numerous complaints in an attempt to rectify these situations and was instead terminated.

15. USAA is liable under Title VII for such discrimination because it knew, or should have known, of the racial National Origin based discrimination but failed to take

prompt and effective remedial action. Instead, it did just the opposite. It condoned, ratified and otherwise allowed the racial and disability based discriminatory behavior to continue. Ms. Graham became the "butt of jokes", all of her co-workers stopped talking to her and she immediately felt the repercussions of complaining about her situation to her superiors. This horrible treatment resulted in emotional pain and suffering which caused her to seek and continue to obtain therapeutic treatment.

16. As a result of Plaintiff's good faith complaints and opposition to discrimination based on national origin, Defendant retaliated against Plaintiff by subjecting her to repeated reprimands and ultimately termination.

17. As a result of Defendant's discrimination against Plaintiff, Plaintiff has suffered damages including but not limited to: loss of income, loss of future income, loss of insurance benefits, emotional distress, pain and suffering as well as serious ongoing mental health issues.

## COUNT I

**NATIONAL ORIGIN / RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

18. Ms. Graham reasserts and re-alleges each and every paragraph of this Complaint as if restated fully herein.

19. Title VII, at 42 U.S.C. §2000e-2, prohibits discrimination on the basis of race or national origin.

20. Ms. Graham was subjected to an adverse term of employment, including discrimination, false discipline, retaliation and termination because of her national origin.

21. Ms. Graham was subjected to nationality-based discriminatory conduct that was unwelcome and sufficiently severe or pervasive so as to alter the conditions of her employment.

22. USAA knew or should have known that Ms. Graham was experiencing harassment and discrimination based on her national origin and failed to take remedial action to prevent or promptly correct the harassment and discrimination.

23. USAA is vicariously liable for the hostile work environment created by its employees including those named above.

24. Ms. Graham's working conditions were so intolerable, as a result of the unlawful discrimination and harassment, that a reasonable person would have been forced to resign.

25. Ms. Graham has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of USAA's violation of her civil rights as alleged herein.  Ms. Graham is reasonably certain to continue to suffer these damages in the future, all in an amount according to proof at trial.

26. USAA is liable for the intentional acts and omissions of its agents and employees.

27. USAA's conduct was willful, wanton, and in reckless disregard of Ms. Graham's federally protected rights, demonstrating an evil hand and an evil mind, and was the proximate cause of the significant injuries, damages, and losses incurred by Ms. Graham, and she is therefore entitled to punitive damages in amount according to proof at trial.

## COUNT II

### RETALIATION IN VIOLATION OF TITLE VII

28. Ms. Graham reasserts and re-alleges each and every paragraph of this Complaint as if restated fully herein.

29. Title VII makes it unlawful for an employer to take an adverse action against an employee who has engaged in any practice that the statute protects.

30. Ms. Graham requested that the racially discriminatory and harassing behavior that USAA employees engaged in stop, conduct protected by Title VII.

31. As a direct and proximate result of Ms. Graham's requests, USAA falsely disciplined and wrongfully discharged Ms. Graham.

32. Ms. Graham has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of USAA's violation of her civil rights as alleged herein. Ms. Graham is reasonably certain to continue to suffer these damages in the future, all in an amount according to proof at trial.

33. USAA is liable for the intentional acts and omissions of its agents and employees.

34. USAA's conduct was willful, wanton, and in reckless disregard of Ms. Graham's federally protected rights, demonstrating an evil hand and an evil mind, and was the proximate cause of the significant injuries, damages, and losses incurred by Ms. Graham, and she is therefore entitled to punitive damages in amount according to proof at trial.

35. Ms. Graham has incurred and continues to incur attorneys' fees and legal expenses

in an amount according to proof at trial.

## COUNT III

### VIOLATION OF 42 U.S.C. §1981

36. Ms. Graham reasserts and re-alleges each and every paragraph of this Complaint as if restated fully herein.

37. Title 42 U.S.C. §1981 ("Section 1981") provides, in pertinent part:

    a. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, to be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of person and property as enjoyed by white citizens…

    b. For purposes of this section, the term "make and enforce contracts" includes the making performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

38. Ms. Graham is Polish. She is visibly a member of an Eastern European race and does not speak English as her first language.

39. USAA denied Ms. Graham the protections against race discrimination and retaliation provided by Section 1981 in the terms and conditions of her employment and in discharging her wholly or in part based upon her National Origin.

40. USAA, at least by and through the conduct of its employees, including those named above, discriminated against Ms. Graham in the making or enforcement of their

contracts with her, wholly or in part, because of her race.

41. USAA's deliberate acts constitute discrimination in violation of Section 1981.

42. Ms. Graham's working conditions were so intolerable, as a result of the unlawful discrimination, harassment, and retaliation that a reasonable person would have been forced to resign.

43. Ms. Graham has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of USAA's violation of her civil rights as alleged herein. Ms. Graham is reasonably certain to continue to suffer these damages in the future, all in an amount according to proof at trial.

44. USAA is liable for the intentional acts and omissions of its agents and employees.

45. USAA's conduct was willful, wanton, and in reckless disregard of Ms. Graham's federally protected rights, demonstrating an evil hand and an evil mind, and was the proximate cause of the significant injuries, damages, and losses incurred by Ms. Graham, and she is therefore entitled to punitive damages in amount according to proof at trial.

46. Ms. Graham has incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Ms. Graham reasserts and re-alleges each and every paragraph of this Complaint as if restated fully herein.

48. USAA is liable for the intentional acts and omissions of its agents and employees.

49. At all relevant times, Ms. Graham was an employee of USAA.

50. USAA employees, including but not limited to those named in this Complaint, intentionally or recklessly caused Ms. Graham emotional distress.

51. The conduct of USAA employees, described hereinabove, was extreme and outrageous.

52. The conduct of the USAA employees, described hereinabove, was intentional or reckless.

53. Ms. Graham has been made to suffer mental anguish and emotional distress as the direct and proximate result of USAA's employees' extreme and outrageous conduct as alleged herein. Ms. Graham is reasonable certain to continue to suffer these damages in the future, all in an amount according to proof at trial.

54. USAA's conduct was willful, wanton, and in reckless disregard of Ms. Graham's rights, demonstrating an evil hand and an evil mind, and was the proximate cause of significant injuries, damages, and losses incurred by Ms. Graham, and Ms. Graham is therefore entitled to punitive damages in an amount according to proof at trial.

WHEREFORE, Ms. Graham prays that this Court order such relief as is necessary to make her whole, including, without limitation:

   A. Declaring the acts and practices complained of herein in violation of Title VII, and Section 1981;

   B. An award of damages for each count in an amount according to proof at trial;

C. An award of compensatory and punitive damages for counts I, II, III and IV in an amount according to proof at trial;

D. Pre- and post- judgment interest as allowed by law;

E. Reasonable attorneys' fees, costs and other expenses as allowed by law; and,

F. For such other relief as this Court deems just.

## JURY DEMAND

Ms. Graham hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED this 17th day of November 2020.

By:/s/Robert D.Corl
Robert Corl, Esq.
275 N. Conejo Road
Maricopa, AZ 85139
*Attorney for Plaintiff, Emma Graham*